[Civ. No. 24584.    First Dist., Div. Two.    Feb. 19, 1969.]

FRANK V. KRESKE, Plaintiff and Appellant, v. J. R. EYMAN et al., Defendants and Respondents.

Breed, Robinson & Stewart, Ned Robinson and Sheridan Downey III for Plaintiff and Appellant.

Tinning & DeLap and Robert Eshleman for Defendants and Respondents.

SHOEMAKER, P. J.—Plaintiff Frank Kreske brought this action to quiet his title to an easement over certain real property in the possession and use of defendants. Defendants J. R. Eyman and Allan Fuller, sued both individually and as the

business entity of Fuller and Eyman, answered, denying that plaintiff was the owner of the easement and asserting several affirmative defenses.

After a nonjury trial, the court found that plaintiff was not the owner of the easement described in the complaint, and disposed of the affirmative defenses adverse to defendants. The court concluded as a matter of law that defendants were entitled to judgment against plaintiff and that plaintiff should take nothing by his complaint to quiet title. Judgment was accordingly entered, and plaintiff appeals.

Although the court made no probative factual findings indicating the basis for its ultimate finding that plaintiff was not the owner of the easement described in the complaint, the court did render a memorandum opinion in which it pointed out that plaintiff had derived his title to the alleged easement through one Abrott, who in turn had taken by a 1919 conveyance from the Danville Water Company, a public utility which had made the conveyance to Abrott without having obtained the permission of the California Railroad Commission. The court concluded that since Abrott was a shareholder and incorporator of the Danville Water Company and was therefore not a buyer "in good faith" from said utility, the conveyance to him had destroyed the easement under the provisions of former section 51, subdivision (a), of the Public Utilities Act, as it then read.

Plaintiff's sole contention on appeal is that the trial court misconstrued the applicable statute and ought to have held that since plaintiff was himself a purchaser in good faith for value, it was of no moment that his predecessor in interest, Abrott, was not. This argument is untenable.

At the time of the 1919 conveyance from the Danville Water Company to Abrott, section 51, subdivision (a), of the Public Utilities Act provided in pertinent part as follows: "No . . . water corporation shall henceforth sell, lease, assign, mortgage or otherwise dispose of or encumber the whole or any part of its . . . plant or system, necessary or useful in the performance of its duties to the public, . . . without having first secured from the commission an order authorizing it so to do. Every such sale, lease, assignment, mortgage, disposition, encumbrance, . . . made other than in accordance with the order of the commission authorizing the same shall be void. . . . Nothing in this subsection contained shall be construed to prevent the sale, lease or other disposition by any public utility of a class designated in this subsec-

tion of property which is not necessary or useful in the performance of its duties to the public, and any sale of its property by such public utility shall be conclusively presumed to have been of property which is not useful or necessary in the performance of its duties to the public, as to any purchaser of such property in good faith for value." (Stats. 1915, ch. 91, § 51, subd. (a), pp. 149-150.)

Pursuant to section 2, subdivision (w), of the Public Utilities Act, as it then read, the term "water system" was defined as including "all . . . real estate . . . owned, controlled, operated or managed in connection with or to facilitate the diversion, development, storage, supply, distribution, sale, furnishing, carriage, apportionment or measurement of water for power, irrigation, reclamation or manufacturing, or for municipal, domestic or other beneficial use." (Stats. 1915, ch. 91, § 2, subd. (w), p. 118.)

In 1951, the Public Utilities Act was codified as sections 201 through 2113 of the Public Utilities Code. Former section 2, subdivision (w), of the Public Utilities Act became Public Utilities Code, section 240, and former section 51, subdivision (a), of the Public Utilities Act became Public Utilities Code, section 851. The latter section, as codified and concurrently amended in 1951, provided in pertinent part as follows: "No public utility shall sell, lease, assign, mortgage, or otherwise dispose of or encumber the whole or any part of its . . . plant, system, or other property necessary or useful in the performance of its duties to the public, . . . without first having secured from the commission an order authorizing it so to do. Every such sale, lease, assignment, mortgage, disposition, encumbrance . . . made other than in accordance with the order of the commission authorizing it is void. . . .

"Nothing in this section shall prevent the sale, lease, encumbrance or other disposition by any public utility of property which is not necessary or useful in the performance of its duties to the public, and any disposition of property by a public utility shall be conclusively presumed to be of property which is not useful or necessary in the performance of its duties to the public, as to any purchaser, lessee or encumbrancer dealing with such property in good faith for value." (Stats. 1951, ch. 764, § 851, p. 2062, amended Stats. 1951, ch. 402, § 51, subd. (a), pp. 1366-1367.)

Section 3 of the 1951 amendment provides as follows: "It is hereby declared that the amendments to the Public Utilities Act made by this act are intended as a clarification of the

meaning thereof rather than a substantive change therein and the provisions thereof should be construed for all purposes as though they had heretofore read as set forth in this act. Any sale, lease, encumbrance or other disposition heretofore made *by any public utility of its property to a purchaser, lessee or encumbrancer dealing with such property in good faith for value* shall be conclusively presumed to have been of property which is not useful or necessary in the performance of such public utility's duty to the public and such past transactions are hereby confirmed, validated and declared legally effective as having been made and effected in conformity with the provisions of subsection (a) of Section 51 of the Public Utilities Act and Section 851 of the Public Utilities Code.'' (Stats. 1951, ch. 402, § 3, p. 1367; italics added.)

Subsequent to the 1951 codification and amendment, section 851 has not been amended in any respect relevant to this appeal.

Plaintiff's position relative to the proper construction to be accorded section 851 is that the conclusive presumption that property conveyed by a public utility is not useful or necessary in the performance of its duties to the public ought to inure to the benefit of any good faith purchaser of the property for value, regardless of whether such purchaser bought directly from the utility or bought from a successor in interest of the utility. Plaintiff concedes that the trial court was correct in concluding that when the Danville Water Company conveyed the easement to Abrott in 1919, such conveyance was not a good faith transfer, within the meaning of former section 51, subdivision (a), of the Public Utilities Act, because Abrott was the primary shareholder of the water company. Plaintiff has also made no attempt to deny that the property transferred to Abrott was in fact useful or necessary in the performance of the utility's duties to the public. Plaintiff urges that the conclusive presumption created by section 851 ought to have been applied in his favor because he himself, unlike Abrott, was a good faith purchaser for value when he acquired the easement in 1959 after the same had passed, through a series of mesne conveyances, from Abrott to plaintiff's immediate grantor.

Plaintiff's suggested construction of section 851 cannot prevail. While it may be arguable that that portion of the statute creating the presumption ''as to any purchaser . . . dealing with such property in good faith for value'' is sufficiently broadly worded to encompass such a subsequent pur-

chaser, however, any possible ambiguity in the statute must be resolved by reference to section 3 of the 1951 amendment to section 851, which contains an express statement of legislative intent and provides in pertinent part that the conclusive presumption created by section 851 (and previously by former section 51, subdivision (a), of the Public Utilities Act) applies only to a sale *"by* any public utility of its property *to* a purchaser . . . dealing with such property in good faith for value. . . ." (Italics added.) In view of this legislative pronouncement, we opine that the presumption was intended to inure only to the benefit of a purchaser taking directly from the utility and that the trial court was correct in concluding that plaintiff was not entitled to the benefits of said presumption.

Judgment affirmed.

Agee, J., and Taylor, J., concurred.